ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
JOSEPH O. JOHNS (Cal. State Bar No.: 144524)
Chief, Environmental Crimes Section
Assistant United States Attorney
      1300 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-4536
      Facsimile: (213) 534-4300
      E-mail: joseph.johns@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR No. 09-834-WDK |
| Plaintiff, | ) <u>PLEA AGREEMENT FOR DEFENDANT</u> <u>MALTER GALLERIES, INC.</u> |
| v. | ) |
| MALTER GALLERIES, INC., | ) |
| Defendant. | ) |

1.   This constitutes the plea agreement between MALTER GALLERIES, INC. ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

//

//

## DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

a) At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the indictment in <u>United States v. Michael Glen Malter, et al.</u>, CR No. 09-834-WDK.

b) Not contest facts agreed to in this agreement.

c) Abide by all agreements regarding sentencing factors contained in this agreement.

d) Appear for all court appearances, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

## THE USAO'S OBLIGATIONS

3. The USAO agrees to:

a) Not contest facts agreed to in this agreement.

b) Abide by all agreements regarding sentencing factors contained in this agreement.

 

SENTENCING FACTORS

4. Defendant and the USAO agree and stipulate that, pursuant to United States Sentencing Guidelines ("U.S.S.G.") §§ 8C2.1 and 8C2.10, the sentencing guidelines are not applicable in determining the fine for an organization violating statutes relating to trafficking in archaeological resources (U.S.S.G. § 2B1.5). Defendant understands that in determining defendant's sentence the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), and that after considering the § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

SENTENCING AGREEMENT

5. The parties stipulate and agree that pursuant to U.S.S.G. §§ 8D1.1 and 8D1.2, defendant shall be sentenced to a term of probation for three years, under terms and conditions to be imposed by the Court, based upon the following factors set forth in 18 U.S.C. § 3553(a): the nature and circumstances of the offense and the history and characteristics of the defendant; and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct. Defendant and the USAO further agree and stipulate to recommend that defendant be sentenced as follows:

   a) Make restitution in the amount of $6,215.57 to the National Park Service for costs associated with the use of undercover purchase funds. Defendant agrees to pay such restitution at or before the time of sentencing, and not seek the

1  discharge of any restitution obligation, in whole or in part, in
2  any present or future bankruptcy proceeding.
3        b) Pay $10,000 as a community service payment to the
4  National Park Foundation ("NPF") - Pacific West Region
5  Archaeological Investigation Fund.  Such payment shall be made
6  within 45 days of defendant's sentencing in this matter.
7  Defendant represents that ~~he~~ the Defendant has the present ability to make such
8  payment, and will not seek the discharge of this obligation, in
9  whole or in part, in any present or future bankruptcy proceeding.
10 The community service payment shall be paid to the NPF for the
11 explicit goal of funding archaeological resource restoration
12 projects, initiatives, and enforcement activities designed for
13 the benefit, preservation, and restoration of the Native American
14 archaeological resources in Pacific West Region of the United
15 States, and to identify, investigate, and halt the traffic and
16 sale of such resources in that region.  The funds shall be
17 managed as an endowment or a quasi-endowment designed to provide
18 long-term funding for projects, initiatives, and activities as
19 set forth above.  The payment shall be made by way of cashier's
20 check, or equivalent, and made payable to the NPF.  The payment
21 shall be made payable to the "National Park Foundation," and
22 delivered to the United States Attorneys Office or the Clerk of
23 the Court for the United States District Court for the Central
24 District of California.  If the payment is to be deposited with
25 NPF via electronic funds transfer, the defendant shall ~~be~~ remit
26 the payment in accordance with wiring instructions provided in
27 writing by NPF prior to the transfer.
28       c) The government will recommend that defendant be

4  

ordered to pay a fine of $20,000. Defendant reserves the right to argue for another fine amount or that it has no ability to pay any fine amount.

The parties stipulate and agree to recommend that defendant MALTER GALLERIES, INC. and co-defendant Michael Glen Malter be held jointly and severally liable for the satisfaction and payment of the following plea agreement terms and obligations: (1) the $10,000 community service payment; (2) the $6,215.57 restitution to the National Park Service; and (3) the fine imposed. It is the intention of the parties to recommend that each defendant is jointly and severally liable for a single $10,000 community service payment, the $6,215.57 restitution, and the fine imposed.

6. Defendant and the USAO agree that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7), the parties sentencing recommendation is a reasonable and fair sentence in this matter.

## CORPORATE AUTHORIZATION

7. Defendant represents that it is authorized to enter into this Agreement. On or before the date of entry of the Plea Agreement, defendant shall provide to the United States and the Court a notarized legal document certifying that defendant corporation is authorized to enter into and comply with all of the provisions of this Plea Agreement. Such corporate resolutions shall designate a corporate representative authorized to take these actions, and that all corporate formalities for such authorizations have been observed (see Attachment 2).

ORGANIZATIONAL CHANGES AND APPLICABILITY

8.  This Agreement shall bind defendant, its successor corporation if any, and any other person or entity that assumes the liabilities contained herein ("successors-in-interest"). Defendant, or its successors-in-interest, if applicable, shall provide the USAO and the United States Probation Office for the Central District of California with immediate notice of any name change, business reorganization, sale or purchase of assets, divestiture of assets, or similar action impacting their ability to pay the fine or affecting this Agreement.  No change in name, change in corporate or individual control, business reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter defendant's responsibilities under this Agreement.  Defendant shall not engage in any action to seek to avoid the obligations and conditions set forth in this Agreement.

NATURE OF THE OFFENSE

9.  The parties stipulate and agree that under well-established principles of corporate liability and respondeat superior, as these principles apply in this case, defendant is liable for the actions of its agents and employees. New York Central and Hudson River R.R. v. United States, 212 U.S. 481, 495 (1909); United States v. Beusch, 596 F.2d 871 (9th Cir. 1979); United States v. Hilton Hotels Corporation, 467 F.2d 1004-1007 (9th Cir. 1972).

10.  Defendant understands that for defendant to be guilty of the crime charged in count one (violation of Title 16, United States Code, Section 470ee(b)(1) and (d) [Illegal Trafficking in

6 

Archaeological Resources], the following must be true: defendant, by and through the actions of its agents and employees, did knowingly receive, transport, offer to sell, or sell an archaeological resource that had been excavated and removed from public lands without permission. Defendant admits that defendant is, in fact, guilty of this offense as described in count one of the indictment.

## PENALTIES AND RESTITUTION

11. Defendant understands that the statutory maximum sentence that the Court can impose upon a corporate defendant for a violation of 16, United States Code, Section 470ee(b) and (d), is: a five year period of probation; a fine of $500,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $400.

12. Defendant understands that defendant shall be ordered to pay $6,215.57 to the National Park Service as restitution for costs associated with this matter.

## SUSPENSION/REVOCATION/DEBARMENT

13. Defendant understands that if defendant holds any regulatory licenses or permits, the convictions in this case may result in the suspension or revocation of those licenses and permits. By this Agreement, the USAO makes no representation or promise concerning suspension or debarment of defendant from contracting with the United States or with any office, agency, or department thereof. Suspension and debarment of organizations convicted under various federal environmental protection and

7



1  criminal statutes is a discretionary administrative action solely
2  within the authority of the federal contracting agencies.

## FACTUAL BASIS

14.  Defendant and the USAO agree to the statement of facts provided below.  Defendant and the USAO agree that this statement of facts is sufficient to support a plea of guilty to the charges described in this agreement and to support the Court's consideration of the Sentencing Agreement set forth in paragraph 5 above but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

> At all times relevant to this Factual Basis, Michael Glen Malter was the owner, operator, and employee of the business named MALTER GALLERIES, INC. ("defendant"), located at 17003 Ventura Boulevard, Encino, California.  On June 8, 2004, Michael Glen Malter, while operating within the scope of his employment and motivated by an intent to benefit the defendant corporation, knowingly received on consignment, and with the intent to auction and sell through the defendant, various Native American archaeological resources ("artifacts") from a federal special agent acting in an undercover capacity.  The artifacts included a wide range of stone tools and arrowheads (see photographs attached hereto as Attachment 1).  Defendant, through its employee, Michael Glen Malter, knew that the artifacts had been illegally excavated and collected recently from public lands, including the Channel Islands National Park and federal Bureau of Land Management property near Barstow, California, without permission.  Michael Glen Malter also knew that the artifacts were more than 100 years old.
>
> On October 17, 2004, defendant, through its employee, Michael Glen Malter and others, transported the artifacts to the Sheraton Universal Hotel located in Universal City, California, for the purpose of auction and sale.  On October 17, 2004, Michael Glen Malter sold the artifacts to another federal agent acting in an undercover capacity for a total of $697.13.
>
> With respect to the sale of the Native American artifacts, defendant, through the actions of its

employee Michael Glen Malter, received, transported, and sold the artifacts for pecuniary gain and engaged in a pattern of misconduct.

## WAIVER OF CONSTITUTIONAL RIGHTS

15. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a) The right to persist in a plea of not guilty.

   b) The right to a speedy and public trial by jury.

   c) The right to the assistance of an attorney at trial. Defendant understands, however, that, despite defendant's guilty plea(s), defendant retains the right to be represented by an attorney at every other stage of the proceeding.

   d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e) The right to confront and cross-examine witnesses against defendant.

   f) The right to testify on defendant's own behalf and present evidence in opposition to the charges, including calling witnesses and subpoenaing those witnesses to testify.

   g) Any and all rights to pursue any affirmative defenses, Fourth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

16. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

9

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

17. Defendant agrees that, provided the Court imposes a sentence consistent with the parties' sentencing agreement set forth in paragraph 5 above, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the fine imposed by the court, provided it is within the statutory maximum; (c) the amount and terms of any restitution order, provided it requires payment of no more than $6,215.57; (d) the term of probation imposed by the Court, provided it is within the statutory maximum.

18. The USAO agrees that, provided (a) all portions of the sentence are consistent with the parties' sentencing agreement set forth in paragraph 5 above, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

19. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based

10 

on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

20.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

21.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea or pleas pursuant to this agreement, defendant will not be able to withdraw the guilty plea(s), and (b) the USAO will be relieved of all its obligations under this agreement.

22.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that

information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

25. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

26. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered



13

into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ANDRÉ BIROTTE JR.
United States Attorney

_/s/ Joseph O. Johns_ 12/15/11
JOSEPH O. JOHNS          Date
Assistant United States Attorney
Chief, Environmental Crimes Section

_/s/ Michael Glen Malter_ 12/7/11
MICHAEL GLEN MALTER      Date
Owner and Authorized Representative
Malter Galleries, Inc.

_/s/ Kate Corrigan_ 12/7/11
KATE CORRIGAN            Date
Attorney for Defendant
Malter Galleries, Inc.

14

CERTIFICATION OF DEFENDANT'S AUTHORIZED REPRESENTATIVE

I am authorized to represent and bind Malter Galleries, Inc., with respect to this change of plea agreement and hearing. The following representations are made on behalf of, and in the best interests, of the corporate defendant. I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty on behalf of defendant because the defendant is guilty of the charge and wishes to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     12-7-11
MICHAEL GLEN MALTER                 Date
Owner and Authorized Representative
Malter Galleries, Inc.
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am MALTER GALLERIES, INC.'s attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of its rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____    12/7/11
KATE CORRIGAN                      Date
Attorney for Defendant
Malter Galleries, Inc.