Attachment 2

ACTION BY UNANIMOUS CONSENT OF THE BOARD OF DIRECTORS OF MALTER GALLERIES, INC, A CALIFORNIA CORPORATION,  AND CORPORATE RESOLUTION AUTHORIZING ENTRY OF GUILTY PLEA BY MALTER GALLERIES, INC. TO COUNT ONE OF THE INDICTMENT IN *USA V. MALTER GALLERIES, INC., CR NO. 09-834-WDK*

50% I, Michael Glen Malter, the undersigned, constituting 50% all Shareholders and 50% Directors of Malter Galleries, Inc. (hereinafter "Malter Galleries") and pursuant to the laws of the State of California and the Bylaws of Malter Galleries, do hereby take the following action without a meeting and/or upon unanimous consent:

WHEREAS, a criminal indictment has been returned charging Malter Galleries with federal criminal violations in case number CR-09-834-WDK, which is commonly referred to as *USA v. Malter Galleries, Inc.*

WHEREAS, the United States of  America proposed to resolve this matter with a guilty plea by Malter Galleries to Count One of the Indictment, which charges a violation of Title 16 United States Code Section 470ee(b)(1) and (d).  In connection with such plea, Malter Galleries agrees to pay restitution in the amount of $6,215.57 to the National Park Service, $10,000.00 as a community service payment to the National Park Foundation – Pacific West region Archaeological Investigation Fund.  Further, the government will recommend to the Court that a fine of $20,000.00 be paid and a special assessment in the maximum amount of $400.00.  Pursuant to the proposed resolution, the government and Malter Galleries stipulate and agree to recommend to the Court that Malter Galleries and co-defendant Michael Glen Malter be held jointly and severally liable for the satisfaction and payment of the restitution, community service payment and the fine, if any, as imposed by the Court.

WHEREAS, the Shareholders and the Directors have been advised that counsel for Malter Galleries has proposed resolving the pending criminal action against Malter Galleries by the United States Attorney and have requested approval for Malter Galleries to plead guilty to Count One of the Indictment pursuant to the terms and conditions of the Plea Agreement entered into between Malter Galleries  and the United States Attorney, attached hereto as Exhibit 1, with the advice and consent of attorney Katherine Corrigan of Corrigan Law Corporation, APLC; and

WHEREAS, the parties are desirous of settling the criminal action upon the terms and conditions set forth above, which has been fully explained to Malter Galleries (via discussions with Michael Glen Malter, in his capacity as authorized representative of Malter Galleries) and presented to the members of the Board and the Shareholders for their approval, which approval has been given; and

WHEREAS, Malter Galleries has been advised by its attorney of the nature of the charge to which Malter Galleries agrees to enter it guilty plea, and the Board has been advised by its attorney of the nature of the charges and the extent of possible criminal liability;

NOW, THEREFORE, BE IT RESOLVED, that Michael Glen Malter, is hereby authorized and directed to enter a guilty plea on behalf of Malter Galleries to Count One of the Indictment pursuant to the terms and conditions set forth in the proposed Plea Agreement which is attached as Exhibit 1; and it is

FURTHER IT IS RESOLVED that Malter Galleries is authorized and directed to make the necessary payments in a timely manner in the amounts due as set forth above and in the attached Plea Agreement, attached hereto as Exhibit 1.

FURTHER IT IS RESOLVED that the officers of Malter Galleries are, and each acting alone is, hereby authorized to do and perform any and all such acts, including the execution of any and all documents and certificates, as said officers shall deem necessary or advisable, to carry out the purposes of the foregoing resolutions; and

The Unanimous Written Consent, executed by the undersigned Shareholder representing together one hundred percent (100%) of the outstanding shares of Malter Galleries, shall be filed in the Minute Book of Malter Galleries and become part of the corporate records of Malter Galleries.

DATED: 12 - 13 - 11

Michael Glen Malter, Shareholder of Malter Galleries

Michael Glen Malter, Director of Malter Galleries

MUST BE NOTARIZED

SEE NEW CALIF.
ACK FORM
ATTACHED

# ACKNOWLEDGMENT

State of California
County of _____ LOS ANGELES _____ )

On _December 13, 2011_ before me, _Robert A. Brooks, Notary Public_
(insert name and title of the officer)

personally appeared __MICHAEL GLEN MALTER----------------------------------__
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Robert A. Brooks_ (Seal)

ROBERT A. BROOKS
COMM. #1931073
NOTARY PUBLIC • CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires Apr. 28, 2015

**EXHIBIT 1**

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
JOSEPH O. JOHNS (Cal. State Bar No.: 144524)
Chief, Environmental Crimes Section
Assistant United States Attorney
  1300 United States Courthouse
  312 North Spring Street
  Los Angeles, California 90012
  Telephone: (213) 894-4536
  Facsimile: (213) 534-4300
  E-mail: joseph.johns@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MALTER GALLERIES, INC.,<br><br>    Defendant. | ) CR No. 09-834-WDK<br>)<br>) <u>PLEA AGREEMENT FOR DEFENDANT</u><br>) <u>MALTER GALLERIES, INC.</u><br>)<br>)<br>)<br>)<br>)<br>) |

  1. This constitutes the plea agreement between MALTER GALLERIES, INC. ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

//

//

DEFENDANT'S OBLIGATIONS

2.  Defendant agrees to:

a) At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the indictment in <u>United States v. Michael Glen Malter, et al.</u>, CR No. 09-834-WDK.

b) Not contest facts agreed to in this agreement.

c) Abide by all agreements regarding sentencing factors contained in this agreement.

d) Appear for all court appearances, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

THE USAO'S OBLIGATIONS

3.  The USAO agrees to:

a) Not contest facts agreed to in this agreement.

b) Abide by all agreements regarding sentencing factors contained in this agreement.



2

SENTENCING FACTORS

4.   Defendant and the USAO agree and stipulate that, pursuant to United States Sentencing Guidelines ("U.S.S.G.") §§ 8C2.1 and 8C2.10, the sentencing guidelines are not applicable in determining the fine for an organization violating statutes relating to trafficking in archaeological resources (U.S.S.G. § 2B1.5). Defendant understands that in determining defendant's sentence the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), and that after considering the § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

SENTENCING AGREEMENT

5.   The parties stipulate and agree that pursuant to U.S.S.G. §§ 8D1.1 and 8D1.2, defendant shall be sentenced to a term of probation for three years, under terms and conditions to be imposed by the Court, based upon the following factors set forth in 18 U.S.C. § 3553(a): the nature and circumstances of the offense and the history and characteristics of the defendant; and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct. Defendant and the USAO further agree and stipulate to recommend that defendant be sentenced as follows:

a) Make restitution in the amount of $6,215.57 to the National Park Service for costs associated with the use of undercover purchase funds. Defendant agrees to pay such restitution at or before the time of sentencing, and not seek the

3   

1   discharge of any restitution obligation, in whole or in part, in

2   any present or future bankruptcy proceeding.

3           b) Pay $10,000 as a community service payment to the

4   National Park Foundation ("NPF") - Pacific West Region

5   Archaeological Investigation Fund.  Such payment shall be made

6   within 45 days of defendant's sentencing in this matter.

7   Defendant represents that ~~he~~ the Corporation kc has the present ability to make such

8   payment, and will not seek the discharge of this obligation, in

9   whole or in part, in any present or future bankruptcy proceeding.

10   The community service payment shall be paid to the NPF for the

11   explicit goal of funding archaeological resource restoration

12   projects, initiatives, and enforcement activities designed for

13   the benefit, preservation, and restoration of the Native American

14   archaeological resources in Pacific West Region of the United

15   States, and to identify, investigate, and halt the traffic and

16   sale of such resources in that region.  The funds shall be

17   managed as an endowment or a quasi-endowment designed to provide

18   long-term funding for projects, initiatives, and activities as

19   set forth above.  The payment shall be made by way of cashier's

20   check, or equivalent, and made payable to the NPF.  The payment

21   shall be made payable to the "National Park Foundation," and

22   delivered to the United States Attorneys Office or the Clerk of

23   the Court for the United States District Court for the Central

24   District of California.  If the payment is to be deposited with

25   NPF via electronic funds transfer, the defendant shall ~~be~~ remit

26   the payment in accordance with wiring instructions provided in

27   writing by NPF prior to the transfer.

28           c) The government will recommend that defendant be

4



ordered to pay a fine of $20,000.  Defendant reserves the right
to argue for another fine amount or that it has no ability to pay
any fine amount.

The parties stipulate and agree to recommend that defendant
MALTER GALLERIES, INC. and co-defendant Michael Glen Malter be
held jointly and severally liable for the satisfaction and
payment of the following plea agreement terms and obligations:
(1) the $10,000 community service payment; (2) the $6,215.57
restitution to the National Park Service; and (3) the fine
imposed.  It is the intention of the parties to recommend that
each defendant is jointly and severally liable for a single
$10,000 community service payment, the $6,215.57 restitution, and
the fine imposed.

     6.  Defendant and the USAO agree that, taking into account
the factors listed in 18 U.S.C. § 3553(a)(1)-(7), the parties
sentencing recommendation is a reasonable and fair sentence in
this matter.

                    <u>CORPORATE AUTHORIZATION</u>

     7.  Defendant represents that it is authorized to enter into
this Agreement.  On or before the date of entry of the Plea
Agreement, defendant shall provide to the United States and the
Court a notarized legal document certifying that defendant
corporation is authorized to enter into and comply with all of
the provisions of this Plea Agreement.  Such corporate
resolutions shall designate a corporate representative
authorized to take these actions, and that all corporate
formalities for such authorizations have been observed (see
Attachment 2).

1       ORGANIZATIONAL CHANGES AND APPLICABILITY

2       8.   This Agreement shall bind defendant, its successor

3  corporation if any, and any other person or entity that assumes

4  the liabilities contained herein ("successors-in-interest").

5  Defendant, or its successors-in-interest, if applicable, shall

6  provide the USAO and the United States Probation Office for the

7  Central District of California with immediate notice of any name

8  change, business reorganization, sale or purchase of assets,

9  divestiture of assets, or similar action impacting their ability

10 to pay the fine or affecting this Agreement.   No change in name,

11 change in corporate or individual control, business

12 reorganization, change in ownership, merger, change of legal

13 status, sale or purchase of assets, or similar action shall alter

14 defendant's responsibilities under this Agreement.   Defendant

15 shall not engage in any action to seek to avoid the obligations

16 and conditions set forth in this Agreement.

17       NATURE OF THE OFFENSE

18      9.   The parties stipulate and agree that under well-

19 established principles of corporate liability and respondeat

20 superior, as these principles apply in this case, defendant is

21 liable for the actions of its agents and employees.   New York

22 Central and Hudson River R.R. v. United States, 212 U.S. 481, 495

23 (1909); United States v. Beusch, 596 F.2d 871 (9th Cir. 1979);

24 United States v. Hilton Hotels Corporation, 467 F.2d 1004-1007

25 (9th Cir. 1972).

26      10.   Defendant understands that for defendant to be guilty

27 of the crime charged in count one (violation of Title 16, United

28 States Code, Section 470ee(b)(1) and (d) [Illegal Trafficking in



6

1   Archaeological Resources], the following must be true: defendant,
2   by and through the actions of its agents and employees, did
3   knowingly receive, transport, offer to sell, or sell an
4   archaeological resource that had been excavated and removed from
5   public lands without permission.  Defendant admits that defendant
6   is, in fact, guilty of this offense as described in count one of
7   the indictment.

### PENALTIES AND RESTITUTION

8   
9        11.  Defendant understands that the statutory maximum
10  sentence that the Court can impose upon a corporate defendant for
11  a violation of 16, United States Code, Section 470ee(b) and (d),
12  is: a five year period of probation; a fine of $500,000 or twice
13  the gross gain or gross loss resulting from the offense,
14  whichever is greatest; and a mandatory special assessment of
15  $400.

16       12.  Defendant understands that defendant shall be ordered
17  to pay $6,215.57 to the National Park Service as restitution for
18  costs associated with this matter.

### SUSPENSION/REVOCATION/DEBARMENT

19  
20       13.  Defendant understands that if defendant holds any
21  regulatory licenses or permits, the conviction in this case may
22  result in the suspension or revocation of those licenses and
23  permits.  By this Agreement, the USAO makes no representation or
24  promise concerning suspension or debarment of defendant from
25  contracting with the United States or with any office, agency, or
26  department thereof.  Suspension and debarment of organizations
27  convicted under various federal environmental protection and

28

1   criminal statutes is a discretionary administrative action solely

2   within the authority of the federal contracting agencies.

3                              FACTUAL BASIS

4        14.   Defendant and the USAO agree to the statement of facts

5   provided below.  Defendant and the USAO agree that this statement

6   of facts is sufficient to support a plea of guilty to the charges

7   described in this agreement and to support the Court's

8   consideration of the Sentencing Agreement set forth in paragraph

9   5 above but is not meant to be a complete recitation of all facts

10  relevant to the underlying criminal conduct or all facts known to

11  either party that relate to that conduct.

12          At all times relevant to this Factual Basis, Michael
            Glen Malter was the owner, operator, and employee of
13          the business named MALTER GALLERIES, INC.
            ("defendant"), located at 17003 Ventura Boulevard,
14          Encino, California.  On June 8, 2004, Michael Glen
            Malter, while operating within the scope of his
15          employment and motivated by an intent to benefit the
            defendant corporation, knowingly received on
16          consignment, and with the intent to auction and sell
            through the defendant, various Native American
17          archaeological resources ("artifacts") from a federal
            special agent acting in an undercover capacity.  The
18          artifacts included a wide range of stone tools and
            arrowheads (see photographs attached hereto as
19          Attachment 1).  Defendant, through its employee,
            Michael Glen Malter, knew that the artifacts had been
20          illegally excavated and collected recently from public
            lands, including the Channel Islands National Park and
21          federal Bureau of Land Management property near
            Barstow, California, without permission.  Michael Glen
22          Malter also knew that the artifacts were more than 100
            years old.
23
            On October 17, 2004, defendant, through its employee,
24          Michael Glen Malter and others, transported the
            artifacts to the Sheraton Universal Hotel located in
25          Universal City, California, for the purpose of auction
            and sale.  On October 17, 2004, Michael Glen Malter
26          sold the artifacts to another federal agent acting in
            an undercover capacity for a total of $697.13.
27
            With respect to the sale of the Native American
28          artifacts, defendant, through the actions of its

employee Michael Glen Malter, received, transported, and sold the artifacts for pecuniary gain and engaged in a pattern of misconduct.

## WAIVER OF CONSTITUTIONAL RIGHTS

15.  Defendant understands that by pleading guilty, defendant gives up the following rights:

   a) The right to persist in a plea of not guilty.

   b) The right to a speedy and public trial by jury.

   c) The right to the assistance of an attorney at trial. Defendant understands, however, that, despite defendant's guilty plea(s), defendant retains the right to be represented by an attorney at every other stage of the proceeding.

   d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e) The right to confront and cross-examine witnesses against defendant.

   f) The right to testify on defendant's own behalf and present evidence in opposition to the charges, including calling witnesses and subpoenaing those witnesses to testify.

   g) Any and all rights to pursue any affirmative defenses, Fourth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

16. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

9

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

17. Defendant agrees that, provided the Court imposes a sentence consistent with the parties' sentencing agreement set forth in paragraph 5 above, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the fine imposed by the court, provided it is within the statutory maximum; (c) the amount and terms of any restitution order, provided it requires payment of no more than $6,215.57; (d) the term of probation imposed by the Court, provided it is within the statutory maximum.

18. The USAO agrees that, provided (a) all portions of the sentence are consistent with the parties' sentencing agreement set forth in paragraph 5 above, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

19. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based

10



on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

### EFFECTIVE DATE OF AGREEMENT

20.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

### BREACH OF AGREEMENT

21.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea or pleas pursuant to this agreement, defendant will not be able to withdraw the guilty plea(s), and (b) the USAO will be relieved of all its obligations under this agreement.

22.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that

1  was either dismissed or not filed as a result of this agreement, then:

2          a) Defendant agrees that any applicable statute of

3  limitations is tolled between the date of defendant's signing of

4  this agreement and the filing commencing any such action.

5          b) Defendant waives and gives up all defenses based on

6  the statute of limitations, any claim of pre-indictment delay, or

7  any speedy trial claim with respect to any such action, except to

8  the extent that such defenses existed as of the date of

9  defendant's signing this agreement.

10          c) Defendant agrees that: (i) any statements made by

11  defendant, under oath, at the guilty plea hearing (if such a

12  hearing occurred prior to the breach); (ii) the agreed to factual

13  basis statement in this agreement; and (iii) any evidence derived

14  from such statements, shall be admissible against defendant in

15  any such action against defendant, and defendant waives and gives

16  up any claim under the United States Constitution, any statute,

17  Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the

18  Federal Rules of Criminal Procedure, or any other federal rule,

19  that the statements or any evidence derived from the statements

20  should be suppressed or are inadmissible.

21          <u>COURT AND PROBATION OFFICE NOT PARTIES</u>

22     23. Defendant understands that the Court and the United

23  States Probation Office are not parties to this agreement and

24  need not accept any of the USAO's sentencing recommendations or

25  the parties' agreements to facts or their recommended Sentencing

26  Agreement.

27     24. Defendant understands that both defendant and the USAO

28  are free to: (a) supplement the facts by supplying relevant



12

1  information to the United States Probation Office and the Court,

2  (b) correct any and all factual misstatements relating to the

3  Court's Sentencing Guidelines calculations, and (c) argue on

4  appeal and collateral review that the Court's Sentencing

5  Guidelines calculations are not error.  While this paragraph

6  permits both the USAO and defendant to submit full and complete

7  factual information to the United States Probation Office and the

8  Court, even if that factual information may be viewed as

9  inconsistent with the facts agreed to in this agreement, this

10  paragraph does not affect defendant's and the USAO's obligations

11  not to contest the facts agreed to in this agreement.

12      25.  Defendant understands that even if the Court ignores

13  any sentencing recommendation, finds facts or reaches conclusions

14  different from those agreed to, and/or imposes any sentence up to

15  the maximum established by statute, defendant cannot, for that

16  reason, withdraw defendant's guilty plea, and defendant will

17  remain bound to fulfill all defendant's obligations under this

18  agreement.  Defendant understands that no one -- not the

19  prosecutor, defendant's attorney, or the Court -- can make a

20  binding prediction or promise regarding the sentence defendant

21  will receive, except that it will be within the statutory

22  maximum.

23                    NO ADDITIONAL AGREEMENTS

24      26.  Defendant understands that, except as set forth herein,

25  there are no promises, understandings, or agreements between the

26  USAO and defendant or defendant's attorney, and that no

27  additional promise, understanding, or agreement may be entered

28

 

1  into unless in a writing signed by all parties or on the record

2  in court.

3                PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

4        27.   The parties agree that this agreement will be

5  considered part of the record of defendant's guilty plea hearing

6  as if the entire agreement had been read into the record of the

7  proceeding.

8  AGREED AND ACCEPTED

9  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA
10
   ANDRÉ BIROTTE JR.
11  United States Attorney

12

13  _____        _____

14  JOSEPH O. JOHNS                         Date
   Assistant United States Attorney
15  Chief, Environmental Crimes Section

16  

17  _____        _____
   MICHAEL GLEN MALTER                     Date
18  Owner and Authorized Representative
   Malter Galleries, Inc.

19

20                                          12/7/11
   _____        _____
21  KATE CORRIGAN                           Date
   Attorney for Defendant
22  Malter Galleries, Inc.

23

24

25

26

27

28

                              14

<u>CERTIFICATION OF DEFENDANT'S AUTHORIZED REPRESENTATIVE</u>

I am authorized to represent and bind Malter Galleries, Inc., with respect to this change of plea agreement and hearing. The following representations are made on behalf of, and in the best interests, of the corporate defendant. I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty on behalf of defendant because the defendant is guilty of the charge and wishes to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     12-7-11
MICHAEL GLEN MALTER                 Date
Owner and Authorized Representative
Malter Galleries, Inc.
Defendant

15

<u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

I am MALTER GALLERIES, INC.'s attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of its rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____        12/7/11
KATE CORRIGAN                           Date
Attorney for Defendant
Malter Galleries, Inc.

16